

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,260

**EX PARTE JAVIER RAMIREZ TORREZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W89-A4891-J(A) IN THE CRIMINAL DISTRICT COURT NO. 3
## FROM DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a habitation and received eighty years' deferred adjudication community supervision. His guilt was later adjudicated, and he was sentenced to twenty years' imprisonment.

Applicant was released on parole after serving approximately five years of his sentence. A pre-revocation warrant was issued based on erroneous information on May 15, 2001. Applicant was later arrested for a new offense on September 8, 2006. The erroneously-issued pre-revocation

warrant was never withdrawn. Applicant's parole was revoked on the basis of the new offense on December 13, 2006. The revocation was not based on the allegations upon which the pre-revocation warrant were issued, as those allegations were determined to pertain to someone other than Applicant. However, Applicant is being denied street time credit for the period of his parole because on the date of the issuance of the pre-revocation warrant, he had not reached the "mid-point" of his remaining sentence. *See Ex parte Spann*, 132 S.W.3d 390, 396 (Tex. Crim. App. 2004).

The trial court has entered findings of fact and conclusions of law, finding that the pre-revocation warrant was invalid or should have been withdrawn. The trial court concludes that the erroneous warrant cannot be used to deny Applicant time credit to which he would otherwise be entitled under Section 508.283(c) of the Texas Government Code. The trial court recommends that Applicant be granted credit for the time he was out on parole. The trial court's findings, conclusions, and recommendations are supported by the habeas record.

Relief is granted. If Applicant's records have not already been corrected, the officials at the Texas Department of Criminal Justice, Correctional Institution Division and Paroles Division are hereby ordered to amend Applicant's records to reflect credit for time from the date of Applicant's release on parole to the date of his arrest on September 8, 2006.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Correction Institution and Paroles Divisions.

Delivered: November 18, 2009

Do not publish